UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

UNITED STATES OF AMERICA

- against -

VIRGILIO AGUILAR

Defendant.

----------------------------------------X

09 Cr. 99 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11/17/09

**Sweet, D.J.**

On May 8, 2009, Virgilio Isidro Quispe Aguilar a/k/a "Pablo Munoz," a/k/a "Jose Diaz" ("Aguilar" or the "Defendant") appeared before the Honorable Debra C. Freeman and allocated to one count of illegal reentry after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). For the reasons set forth below, Aguilar will be sentenced to 30 months imprisonment and a term of three years' supervised release. Aguilar also will be required to pay a special assessment of $100.

**Prior Proceedings**

Indictment 09 Cr. 99 (RWS) was filed in the Southern District of New York on February 4, 2009. It charges that through November 23, 2008, in the Southern District of New York

and elsewhere, Aguilar illegally returned to the United States after being deported on August 8, 2001, subsequent to a conviction for Criminal Possession of Stolen Property in the 4th Degree on February 17, 1999, in Queens County Supreme Court in Jamaica, New York.

Defendant's sentencing is currently scheduled for November 19, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. As the Supreme Court explained in Gall v. United States, 552 U.S. 38 (2007):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an

> opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented.

Id. at 49-50 (internal citation and footnote omitted). Thus, in addition to analysis of the Guidelines, the sentence imposed here results from consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed-
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for-
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued

by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 570 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Aguilar's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

This offense was investigated by the Bureau of Immigration and Customs Enforcement.

On February 19, 1999, following his conviction for Criminal Possession of Stolen Property in the 4th Degree, Aguilar was sentenced to sixty days' imprisonment and five years probation. He was released from custody and was subsequently convicted of Attempted Assault in the 3rd Degree on April 16, 2001. Aguilar was deported to Peru on August 8, 2001. This information was submitted to the National Crime Information Center ("NCIC") along with a copy of his fingerprints.

On May 27, 2007, Aguilar was arrested in Queens County, New York. Following this arrest a copy of Aguilar's fingerprints was sent to NCIC to determine if they matched any information in their database.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Count I is twenty years, pursuant to 8 U.S.C. § 1326(b)(2). If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Aguilar is eligible for not less than one nor more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571(b)(3). Pursuant to 18 U.S.C. § 3013, a special assessment of $100 is mandatory.

**The Guidelines**

The November 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this case, pursuant to § 1B1.11(a).

The Guideline for the violation of 8 U.S.C. § 1326 that applies to Aguilar is found in § 2L1.2(a). That Guideline sets a base offense level of 8. Because Aguilar was previously deported following a conviction for an aggravated felony, the offense level is increased by eight levels, pursuant to § 2L1.2(b)(1)(C).

Aguilar is entitled to a three-level decrease in his offense level for acceptance of responsibility under § 3E1.1(a).

Accordingly, the applicable offense level is 13.

On October 30, 1998, Aguilar was arrested and charged with Criminal Possession of Stolen Property in the 4th Degree. On November 16, 1998, Aguilar was arrested and charged with Criminal Possession of Stolen Property in the 4th Degree. On February 17, 1999, Aguilar was sentenced in Queens County Supreme Court to sixty days' imprisonment and five years' probation. On March 6, 2000, his probation was revoked and he was resentenced to one year's imprisonment for a violation of probation. Pursuant to §§ 4A1.1(b) and 4A1.2(a)(2) and (k)(1), these convictions warrant two criminal history points.

On September 30, 1999, Aguilar was arrested and charged with Attempted Assault in the 2nd Degree. On February 14, 2000, Aguilar was sentenced in Queens County Criminal Court to ninety days' imprisonment. Pursuant to § 4A1.1(b), this conviction warrants two criminal history points.

On February 6, 2001, Aguilar was arrested and charged with Criminal Contempt in the Second Degree. On April 16, 2001,

Aguilar was sentenced in Queens County Criminal Court to sixty days' imprisonment and three years' probation. Pursuant to § 4A1.1(b), this conviction warrants two criminal history points.

On May 27, 2007, Aguilar was arrested and charged with Petit Larceny. On January 16, 2009, he was sentenced in Queens County Criminal Court to sixty days' imprisonment. Pursuant to § 4A1.1(b), this conviction warrants two criminal history points.

A total of ten criminal history points establishes a Criminal History Category of V, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 13 and a Criminal History Category of V, the Guidelines range for imprisonment is 30 to 37 months.

The Guidelines range for a term of supervised release is at least two years but not more than three years, pursuant to § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Aguilar is not eligible for probation, pursuant to § 5B1.1, Application Note 2.

The fine range for the instant offense is from $3,000 to $30,000, pursuant to § 5E1.2(c)(3)(A). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,157.88 to be used for imprisonment, a monthly cost of $311.94 for supervision, and a monthly cost of $1,990.13 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant

to all of the factors, it is hereby determined that a sentence within the Guidelines framework is warranted.

**The Sentence**

For the instant offense, Aguilar will be sentenced to 30 months' imprisonment and a three-year term of supervised release.

Aguilar is to report to the nearest United States Probation Office within seventy-two hours of release from custody. It is recommended that he be supervised by the district of his residence.

As mandatory conditions of his supervised release, Aguilar shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance; and (5) shall cooperate in the collection of DNA as directed by the probation officer. The mandatory drug condition is suspended as poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision

(1-13), set forth in the judgment, shall be imposed with the additional special condition that Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for November 19, 2009.

It is so ordered.

**New York, NY**
**November 16, 2009**

**ROBERT W. SWEET**
**U.S.D.J.**